# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STANLEY E. SMITH,<br><br>      Petitioner,<br><br>    v.<br><br>EARL L. HOUSER,<br>Superintendent GCCC,<br><br>      Respondent. | Case No. 4:22-cv-00075-SLG |

## SCREENING ORDER

On December 28, 2022, self-represented prisoner, Stanley E. Smith ("Petitioner"), filed a petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] On January 26, 2023, Mr. Smith paid the $5.00 filing fee.[2] The Court takes judicial notice[3] of Mr. Smith's status as a pre-trial detainee and of his ongoing criminal case in the Alaska Superior Court at 4HB-20-00010-CR.[4] The state court records indicate that the State has charged Mr. Smith with eight counts of Class B Felony

---

[1] Docket 1.

[2] Docket 1 (receipt #100019824).

[3] Fed. R. Evid. 201(b)(2) permits judicial notice of a fact that is "not subject to reasonable dispute because it: . . . (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[4] *State of Alaska v. Stanely (sic) Smith,* 4HB-20-00010CR. Publicly available state court records may be searched at https://courts.alaska.gov/main/search-cases.htm.

Assault in the Second Degree, three counts of Class C Felony Assault in the Third Degree, and one count of Unclassified Felony Sexual Assault in the First Degree. A change of plea hearing was recently continued on April 11, 2023 to May 10, 2023. Mr. Smith remains in custody. He is represented in the state case by the State of Alaska Public Defender Agency.[5]

## SCREENING REQUIREMENT

28 U.S.C. § 2241 provides federal courts with general habeas corpus jurisdiction.[6] A petitioner may challenge pretrial detention under 28 U.S.C. § 2241.[7] A court must "promptly examine" a habeas petition.[8] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."[9] Upon screening, it plainly appears that Mr. Smith is not entitled to relief, and his petition must be dismissed.

---

[5] *State of Alaska v. Stanely (sic) Smith*, 4HB-20-00010CR.

[6] *Rasul v. Bush,* 542 U.S. 466, 473 (2004).

[7] *See Stow v. Murashige,* 389 F.3d 880, 885–8 (9th Cir. 2004) (citations and quotations omitted).

[8] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts. *See also* Local Habeas Corpus Rule 1.1(c)(2) ("Except as otherwise specifically provided by statute, rule or order of the court… the Rules Governing Section 2254 Cases in the United States District Courts, apply to all petitions for habeas corpus relief filed in this court.").

[9] Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts.

Case No. 4:22-cv-00075-SLG, *Smith v. Houser*
Screening Order
Page 2 of 7
Case 4:22-cv-00075-SLG   Document 3   Filed 04/21/23   Page 2 of 7

**DISCUSSION**

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[10] The writ is "a vital 'instrument for the protection of individual liberty' against government power."[11] Under 28 U.S.C. § 2241, this Court may grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[12]

Mr. Smith seeks to challenge his pretrial detention. He alleges a violation of his speedy trial rights and illegal detention. Mr. Smith also asserts that he has not received discovery, has not received "constitutionally sufficient court-appointed counsel," did not receive proper *Miranda* warnings, and that his bail was unreasonable.[13] 28 U.S.C. § 2241 is the proper avenue for a state prisoner who seeks to challenge his state custody when there is no state judgment, such as here, where Mr. Smith challenges his pretrial detention.[14] For relief, Mr. Smith

---

[10] *Rasul,* 542 U.S. at 473.

[11] *Gage v. Chappell,* 793 F.3d 1159, 1167 (9th Cir. 2015) (quoting *Boumediene v. Bush,* 553 U.S. 723, 743 (2008)).

[12] 28 U.S.C. § 2241(c)(3).

[13] Docket 1 at 1–8. To the extent Mr. Smith seeks to allege cruel and unusual punishment, the Court also must dismiss this claim. The Cruel and Unusual Clause of the Eighth Amendment only protects convicted prisoners and does not apply to pretrial detainees. *Bell v. Wolfish,* 441 U.S. 520, 535 (1861). Further, claims regarding conditions of confinement are not "within the core of habeas corpus" and are properly brought as a civil rights action under 42 U.S.C. § 1983. *Skinner v. Switzer,* 562 U.S. 521, 525 (2011).

[14] *See Magana-Pizano v. INS,* 200 F.3d 603, 608 & n.4 (9th Cir. 1999).

requests his pending state court criminal case be dismissed and that he receive "reparations for the wrongful imprisonment."[15]

Federal courts must generally abstain from staying or enjoining pending state criminal prosecutions absent extraordinary circumstances.[16] First announced by the U.S. Supreme Court in *Younger v. Harris,*[17] *Younger* abstention applies when the following four requirements are met:

(1) There is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.[18]

If a case satisfies these four factors, a federal court must abstain from exercising jurisdiction over it unless there is "a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."[19] The Ninth Circuit Court of Appeals has recognized an "irreparable harm" exception to the *Younger* abstention that applies "under extraordinary circumstances where the danger of irreparable loss is both great and immediate."[20] This means that this

---

[15] Docket 1 at 8.

[16] Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72 (2013).

[17] 401 U.S. 37 (1971).

[18] *Bean v. Matteucci,* 986 F.3d 1128, 1133 (9th Cir. 2021) (quoting *Page v. King,* 932 F.3d 898, 901–02 (9th Cir. 2019)).

[19] *Bean,* 986 F.3d at 1133 (quoting *Arevalo v. Hennessy,* 882 F.3d 763, 765 (9th Cir. 2018)).

[20] *Id.* (quoting *World Famous Drinking Emporium, Inc. v. City of Tempe,* 820 F.2d 1079,

Case No. 4:22-cv-00075-SLG, *Smith v. Houser*
Screening Order
Page 4 of 7
Case 4:22-cv-00075-SLG   Document 3   Filed 04/21/23   Page 4 of 7

Court must not interfere with a pending state court proceeding, unless there are extraordinary circumstances.

Here, Mr. Smith's petition meets each of the four *Younger* abstention requirements. First, Mr. Smith's case is an ongoing state proceeding. His case is pending in the state trial court and is currently scheduled for a change of plea hearing on May 10, 2023.[21] Next, as set forth above, the Court takes judicial notice of the fact that in his pending criminal case, Mr. Smith has been charged with eight counts of Class B Felony Assault in the Second Degree, three counts of Class C Felony Assault in the Third Degree, and one count of Unclassified Felony Sexual Assault in the First Degree. The State of Alaska has an important interest in prosecuting felony assault and felony sexual assault cases.[22] Third, Mr. Smith has not alleged that he cannot raise his claims in state court, such as in a pretrial motion or on direct appeal. Finally, the injunctive relief that Mr. Smith seeks-- release and dismissal of the charges--would effectively enjoin his prosecution.

Mr. Smith also alleges that the State of Alaska has denied his right to a defense because he has not received discovery, he has not received "constitutionally sufficient court-appointed counsel," he did not receive proper

---

1082 (9th Cir. 1987)).

[21] *State of Alaska v. Stanely (sic) Smith,* 4HB-20-00010CR (Events).

[22] *Cf. Bean,* 986 F.3d at 1133 ("[T]he state has an important interest in prosecuting a murder case[.]").

Case No. 4:22-cv-00075-SLG, *Smith v. Houser*
Screening Order
Page 5 of 7
Case 4:22-cv-00075-SLG   Document 3   Filed 04/21/23   Page 5 of 7

*Miranda* warnings, and his bail was unreasonable.[23] But he has not alleged any specific facts that demonstrate an extraordinary circumstance that warrants the Court's interference with the Alaska Court System's regular judicial procedure.[24] The emotional toll and inconvenience of defending criminal charges are not the kind of special circumstances or irreparable harm to justify federal habeas intervention.[25] Moreover, neither Mr. Smith's allegations nor the state court record supports a finding of harassment or bad faith on the part of the state prosecution that might warrant piercing the veil of abstention.[26] Consequently, Mr. Smith has not presented viable grounds for a habeas petition under 28 U.S.C. § 2241; so the Court must not interfere with the State of Alaska's jurisdiction.[27]

---

[23] Docket 1 at 1–8.

[24] *Jones v. Perkins,* 245 U.S. 390, 391–92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.") (citations omitted).

[25] *Younger,* 401 U.S. at 46, 53–54.

[26] *See Juidice v. Vail,* 430 U.S. 327, 338 (the bad faith exception "may not be utilized unless" petitioner can allege and prove that the state prosecution is "in bad faith or [is] motivated by a desire to harass."); *Kugler v. Helfant,* 421 U.S. 117, 126 n.6 (1975) (Bad faith "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction."); *Canatella v. Cal.,* 404 F.3d 1106, 1112 (9th Cor. 2005) (the bad faith exception requires more than mere conclusory allegations to invoke.).

[27] *See generally* U.S. Const. Art. IV § 2, cl. 2. *See also Brown v. Ahern*, 676 F.3d 899, 900 (9th Cir. 2012) ("the 'logical implication' of *Younger*'s rule against enjoining state proceedings is that abstention principles likewise prohibit a federal court from considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can demonstrate that 'extraordinary circumstances' warrant federal intervention.").

Therefore, Mr. Smith's petition must be dismissed without prejudice. Dismissal without prejudice will not materially impact the analysis of any issue in a later filed habeas proceeding, or otherwise result in substantial prejudice.

**IT IS THEREFORE ORDERED:**

1. The Petition at Docket 1 is **DISMISSED without prejudice.**

2. The Clerk of Court is directed to enter a final judgment.

3. A certificate of appealability shall not issue.[28]

DATED this 21st day of April, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[28] 28 U.S.C. §2253(c)(2). *See also Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.,* a showing that "reasonable jurists could debate whether . . .the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotations and citations omitted).

Case No. 4:22-cv-00075-SLG, *Smith v. Houser*
Screening Order
Page 7 of 7
Case 4:22-cv-00075-SLG   Document 3   Filed 04/21/23   Page 7 of 7